# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NAZLE AMIRAZODI, | ) |
| Plaintiff, | ) NO. 3:21-cv-00074 |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE NEWBERN |
| CAPELLA EDUCATION COMPANY | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 22) recommending the Court grant in part, and deny in part Defendant's Motion to Dismiss (Doc. No. 16). Plaintiff filed timely objections to the Report and Recommendation. (Doc. No. 24).

## I. BACKGROUND

This case arises out of Plaintiff's enrollment as a student in Defendant Capella Education Services' online for-profit university from 2015 -2017. (Doc. Nos. 6, 8). Plaintiff alleges that although she completed all required coursework by 2017, Capella informed her that she was unable to obtain her degree until she completed a Capstone Project and paid her student account balance. (*Id.*). Plaintiff alleges that she "tried for years" to get answers about the outstanding charges from Capella, but was unsuccessful. (*Id.*) Capella sent her account balance to collections and told her that even if she paid her balance in full, in order to graduate she must reapply to Capella and then "request to see if [she] met the requirements for graduation." (*Id.*).

Plaintiff initiated this action on February 1, 2021. (Doc. No. 1). She amended the complaint twice. (Doc. Nos. 1, 6, 8). The Court screened her Second Amended Complaint under 28 U.S.C.

§ 1915(e)(2)(B) and determined that Plaintiff stated colorable claims for relief under two sections of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-104(b)(7) and 47-18-104(b)(21), as well as claims for intentional misrepresentation, promissory fraud, breach of contract, and unjust enrichment. (Doc. No. 9). Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. No. 16).

The Magistrate Judge recommended dismissal of the TCPA, intentional misrepresentation, and promissory fraud claims as barred by the applicable statutes of limitations; and recommended the Court deny Defendant's motion to dismiss the claims for breach of contract and unjust enrichment. (Doc. No. 22). Plaintiff filed timely objections. (Doc. No. 24).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews de novo any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. ANALYSIS

Plaintiff objects to the dismissal of her TCPA, intentional misrepresentation, and promissory fraud claims as time barred. She does not dispute that the Magistrate Judge correcting determined the applicable statute of limitations. The statute of limitation for claims under the TCPA is one year from "discovery of the unlawful act or practice." Tenn. Code Ann. § 47-18-110. Claims for intentional misrepresentation and promissory fraud are subject to the three-year statute of limitations for actions for injuries to personal or real property. *Ne. Knox Util. Dist. v. Stanfort Constr. Co.*, 206 S.W.3d 454, 459 (Tenn. Ct. App. 2006) (intentional misrepresentation); *Haynes v. Bass*, No. W2015-01192-COA-R3-CV, 2016 WL 3351365 (Tenn. Ct. App. 2016) (promissory fraud).

Plaintiff does not dispute that the statute of limitations begins to run "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence it should have been discovered." (*See* R&R, Doc. No. 22 at 8 (citing *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 930 (6th Cir. 2006)). She objects to the Magistrate Judge's determination that she "knew" of her injury in 2017 and that the statute of limitations began to run at that time. Plaintiff argues, "They have no way of proving when I knew." (Doc. No. 24). She contends that although Capella refused to help her finance her Capstone Project and sent her account to collections in 2017, she was working with customer service to get assistance and did not know she was "injured" until customer service stopped responding and referred her questions to the collections agency. (Doc. No. 24).

3

Tennessee law on this issue is clear. "A plaintiff may not … delay filing suit until all the injurious effects and consequence of the alleged wrong are actually known to the plaintiff." *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998). According to the allegations in the Complaint, Plaintiff was aware of the facts that form the basis for these claims in 2017 and she filed this action in 2021, more than three years later. The Magistrate Judge correctly found her claims for promissory fraud, intentional misrepresentation, and violation of the TCPA are time-barred.

Plaintiff's objections also address the Magistrate Judge's recommendation that her claims for breach of contract and unjust enrichment proceed. Because the Magistrate Judge recommended denying Defendant's motion to dismiss these claims and Defendant has not filed any objections to the Report and Recommendation, the Court need not address Plaintiff's additional arguments with regard to these claims.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 22) is **ADOPTED**. Accordingly, Defendant's Motion to Dismiss (Doc. No. 16) is **GRANTED in part, and DENIED in part.** Plaintiff's claims for violation of the TCPA, promissory fraud, and intentional misrepresentation are dismissed; the claims for breach of contract and unjust enrichment will proceed.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE